UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATCHMD, LLC, | Case No. 2:18-CV-340 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| DENNIS SHEPHERD, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff PatchMD, LLC's ("PatchMD") emergency motion to remand to state court. (ECF No. 6).

Also before the court is PatchMD's emergency motion for temporary restraining order (ECF No. 4) and motion for preliminary injunction (ECF No. 5).

I.    **Facts**

PatchMD alleges defendants misappropriated its trade secrets and intentionally interfered with its business relationships, among other related claims. (ECF No. 1, Attachment 1).

PatchMD filed the original complaint in state court on February 14, 2018, asserting eight causes of action against defendants Dennis Sheperd ("Sheperd"), Jennifer Laird, Kymbirley Brake, Jayme Frassett, Nicole Santos, Pearl Coetzee ("Coetzee"), and Patch 4 All, Inc. (ECF No. 1).

Sheperd removed the action to federal court on February 23, 2018, pursuant to 28 U.S.C. § 1332. (ECF No. 1).

In the instant motion, PatchMD moves to remand, contending that the court lacks subject matter jurisdiction. (ECF No. 6). PatchMD also moves for an award of attorney's fees and costs incurred in having to move to remand this action to state court. *Id.*

## II. Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); see also *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 988 (D. Nev. 2005). Removal statutes are construed restrictively and in favor of remanding a case to state court. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence." *Knutson*, 358 F. Supp. 2d at 988 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus*, 980 F.2d at 567).

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Second, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The citizenship requirement for subject matter jurisdiction based on diversity of parties is determined "as of the time the lawsuit is filed." See *Lew*, 797 F.2d at 750; *Carter v. McConnel*, 576 F. Supp. 556, 557 (D. Nev. 1983).

### III. Discussion

*1. Diversity jurisdiction*

In the instant motion, PatchMD asserts remand is appropriate based on lack of subject matter jurisdiction "because there is a lack of complete diversity, and as such, this court lacks jurisdiction over this matter." (ECF No. 6 at 1).

As all of PatchMD's claims against defendants arise under state law, the court's sole basis for subject matter jurisdiction is diversity of jurisdiction.

For a federal district court to have diversity jurisdiction, 28 U.S.C. § 1332(a)(1) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and that the action be between "citizens of different states."

Here, PatchMD is a Nevada limited liability company, and thus a citizen of Nevada for diversity jurisdiction purposes. (ECF No. 1, Attachment 1). Individually named defendant Pearl Coetzee is also a resident of Nevada. *Id.* Coetzee, one of the seven named defendants, as a citizen of the same state as PatchMD, destroys complete diversity. Without complete diversity, removal under § 1441 is improper. Accordingly, PatchMD's motion to remand back to state court will be granted.

Moreover, a case may not be removed where a defendant is a citizen of the state in which the action is brought. *See Caterpillar Inc. v. Lewis*, 519 US 1, 68 (1996). Here, PatchMD brought this action in Nevada, the state of Coetzee's residence. Accordingly, removal under § 1441(b) here is improper.

As a result, PatchMD's motions for temporary restraining order (ECF No. 4) and for preliminary injunction (ECF No. 5) will be denied, as this court lacks subject matter jurisdiction over the matter.

*2. Attorney's fees*

PatchMD asks this court for an award of attorney's fees incurred as a result of the improper removal of this case, pursuant to 28 U.S.C. § 1447(c). (ECF No. 6). Section 1447(c) states, in relevant part, "[a]n order remanding the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal." The complaint included information regarding both PatchMD and all named defendants' citizenships. (ECF No. 1 at 1-2).

PatchMD claims that Sheperd's petition for removal was merely a tactic to delay litigation, particularly the pending TRO motion before a state court judge. The district court determines the objective reasonableness (or unreasonableness) of a defendant's decision to remove based on the circumstances that existed at the time of removal. *See, e.g.*, *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011), *see also Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062 (9th Cir. 1979) ("In determining the existence of removal jurisdiction . . . we must look to the complaint as of the time the removal petition was filed.").

Based on the complaint's explicit inclusion of each party's citizenship as well as Sheperd's conspicuous failure to list Coetzee as a defendant on his motion to remove, the court is inclined to agree. While Sheperd filed the notice of removal *pro se*, his removal of Coetzee as a named defendant from the notice not only indicates he was aware of the diversity jurisdiction requirement, but endeavored to circumvent it. Therefore, the court, in its discretion, elects to award fees and costs.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that PatchMD's motion to remand (ECF No. 6) be, and the same hereby is, GRANTED. The action shall be remanded to the state court for further proceedings.

IT IS FURTHER ORDERED that PatchMD's emergency motion for temporary restraining order (ECF No. 4) be, and the same hereby is DENIED, for lack of jurisdiction.

IT IS FURTHER ORDERED that PatchMD's motion for preliminary injunction (ECF No. 5) be, and the same hereby is DENIED, for lack of jurisdiction.

The clerk shall enter judgment accordingly and close the case.

DATED March 2, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**